|  |  |
|---|---|
| 1 |  |
| 2 |  |
| 3 |  |
| 4 |  |
| 5 |  |
| 6 |  |
| 7 |  |

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 1:19-cr-00210-NONE-SKO |
|---|---|
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION FOR EMERGENCY RELEASE FROM CUSTODY |
| v. |  |
| MANUEL HECTOR RODRIGUEZ TAPIA, | (ECF Nos. 22, 27, 31) |
| Defendant. |  |

On April 21, 2020, Defendant Manuel Hector Rodriguez Tapia filed a motion seeking release from custody. Following several stipulations to continue the deadline for the Government to file an opposition to the motion, an opposition was filed on May 6, 2020. After stipulating for an extension of time for Defendant to file a reply, Defendant filed a reply on May 18, 2020. The matter was referred by District Judge Dale A. Drozd to the United States magistrate judge on May 21, 2020. The matter was heard on May 22, 2020. Defendant appeared in custody by video from the Fresno County Jail. Counsel Arturo Hernandez appeared by video for Defendant. Counsel Kimberly Sanchez appeared by video for the Government. Having considered the moving papers and the arguments presented at the May 22, 2020 hearing, the Court shall deny Defendant's motion for bail review.

A bail hearing "may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to

the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f).

First and foremost, the Court finds that Defendant has shown that new information exists that was not known at the time of the previous bail hearing. Defendant seeks to reopen the hearing to obtain release due to the COVID-19 pandemic. But "[t]he risk of harm to the defendant does not usually bear on [the analysis under 3142(f)]; rather, whether a defendant's particular circumstances warrant release in light of the COVID-19 pandemic is more properly considered on a case-by-case basis under the 'another compelling reason' prong of § 3142(i)." United States v. Terrone, No. 319CR00058RCJCLB, 2020 WL 1844793, at *5 (D. Nev. Apr. 10, 2020); see also United States of Am. v. Ryan, No. 2:19-CR-756-JAK, 2020 WL 1861662, at *1 (C.D. Cal. Apr. 14, 2020). Neither this nor the other issues raised by Defendant are new information justifying reopening under section 3142(f).

Whether and under what conditions a defendant may be released pending trial under § 3142 is different from whether the defendant should be released for valid health reasons due to the COVID-19 pandemic. Ryan, 2020 WL 1861662, at *1. "[T]he COVID-19 pandemic cannot be the sole basis for releasing a defendant from custody pending trial; the Court must still consider the Section 3142(g) factors." United States v. Lee, No. 19-CR-20112-03, 2020 WL 1540207, at *3 (E.D. Mich. Mar. 30, 2020). Any determination regarding the initial detention—and any later reconsideration of the detention decision based on materially changed circumstances—depend solely "on the issue whether there are conditions of release that will reasonably assure the appearance of [Defendant] as required and the safety of any other person and the community." Ryan, 2020 WL 1861662, at *1 (quoting 18 U.S.C. § 3142(f)).

On September 24, 2019, the Court conducted a detention hearing and Defendant was detained as a flight risk and a danger to the community. At that time the Court found that there were no conditions that would ensure Defendant's appearance or the safety of the community. Defendant was subsequently indicted on counts of conspiracy to distribute methamphetamine and possession of methamphetamine with intent to distribute.

Defendant filed a motion for bail review on October 10, 2019. Another magistrate judge heard the motion on October 21, 2019 and the motion was denied and Defendant was ordered to remain detained. By the current motion, Defendant seeks to be released from custody due to the COVID-19 pandemic and the Court finds that the conditions offered by Defendant do not reasonably address the flight risk or the danger to the community that would be posed by his release on bail.

Defendant also argues that the COVID-19 pandemic qualifies as a compelling reason under 18 U.S.C. §3142(i) to grant temporary release. Section 3142(i) provides that the Court "may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason."

While a defendant's medical condition may present a compelling reason in a particular case to seek temporary release, "[c]ourts typically grant relief under § 3142(i) only 'sparingly to permit a defendant's release where, for example, he is suffering from a terminal illness or serious injuries.' " Terrone, 2020 WL 1844793, at *4 (quoting United States v. Hamilton, 2020 WL 1323036, at *2 (E.D.N.Y. Mar. 20, 2020)). "[N]othing in the Bail Reform Act, including section 3142(i), authorizes pretrial release under [the generic pandemic conditions currently existing] that—while undeniably grave—apply across the board to every pretrial detainee in [] custody." United States v. Villegas, No. 2:19-CR-568-AB, 2020 WL 1649520, at *2 (C.D. Cal. Apr. 3, 2020).

Courts hold that the fact that an individual may be at a higher risk from COVID-19 due to underlying health reasons is not sufficient by itself to qualify as a compelling reason for temporary release. Ryan, 2020 WL 1861662, at *2. While certain conditions are naturally more conducive to the transmission of viruses, courts find that "prisons are no different than other physically confined spaces like nursing homes, public schools, or homeless shelters." Villegas, 2020 WL 1649520, at *2. Therefore, the "mere possibility of [a COVID-19] outbreak at [Defendants'] facility does not equate to a compelling enough reason to justify [their] release"

3

under section 3142(i).  Id. (quoting United States v. Smoot, 2020 WL 1501810, at *3, 2020 U.S. Dist. LEXIS 55382, at *6 (S.D. Ohio Mar. 30, 2020)).

In this instance, Defendant argues that his age and medical conditions place him in the group of those at extremely high-risk for severe illness and possibly death from COVID-19 if he remains incarcerated during the coronavirus pandemic, even though defendant did not disclose ever to pretrial his medical condtion.  Defendant is incarcerated at the Fresno County Jail and has not shown that the circumstances that he is confined in at the jail are such that they would amount to compelling circumstances to qualify him for temporary release.  Defendant presents evidence that although there has been a single inmate who tested positive for COVID-19 at the Fresno County Jail, appropriate measures have been taken to address the issue and to protect the further spread of the disease within the facility.  Defendant replies that the jail is ill equipped to take the necessary precautions to prevent the spread of the virus.  However, the conditions that Defendant proposes are not sufficient to ensure sure his appearance or the safety of the community were he to be released.

For these reasons and the reasons stated on the record, Defendant's proposed new conditions, along with the additional conditions, do not ensure the Defendant's appearance or the safety of the community.  Therefore, Defendant's motion for bail review and release on conditions is DENIED.  The Defendant remains detained as a flight risk and danger to the community.

IT IS SO ORDERED.

Dated:   **May 22, 2020**

UNITED STATES MAGISTRATE JUDGE