1  McGREGOR W. SCOTT
   United States Attorney
2  KIMBERLY A. SANCHEZ
   Assistant United States Attorney
3  2500 Tulare Street, Suite 4401
   Fresno, CA 93721
4  Telephone:  (559) 497-4000
   Facsimile:  (559) 497-4099
5

6  Attorneys for Plaintiff
   United States of America
7

8                    IN THE UNITED STATES DISTRICT COURT
9                    EASTERN DISTRICT OF CALIFORNIA
10

11 UNITED STATES OF AMERICA,              CASE NO.  1:19-CR-00210 NONE

12                      Plaintiff,

13            v.                          STIPULATION VACATING STATUS
                                          CONFERENCE, SETTING A CHANGE OF PLEA
14 MANUEL HECTOR TAPIA RODRIGUEZ,         HEARING AND REGARDING EXCLUDABLE
                                          TIME PERIODS UNDER SPEEDY TRIAL ACT;
15                                        FINDINGS AND ORDER

16                      Defendant.        DATE: February 17, 2021
                                          TIME: 1:00 p.m.
17                                        COURT: Hon. Sheila K. Oberto

18        This case is set for a status conference on February17, 2021 at 1:00 p.m.  The parties stipulate

19 and request the status conference be vacated and a change of plea hearing be set on February 25, 2021 at

20 10:00 am before the Honorable Dale A. Drozd, U.S. District Court Judge.    Additionally, on April 17,

21 2020, this Court issued General Order 617, which suspends all jury trials in the Eastern District of

22 California scheduled to commence before June 15, 2020, and allows district judges to continue all

23 criminal matters to a date after June 1.  On May 13, 2020, this Court issued General Order 618, which

24 suspends all jury trials in the Eastern District of California until further notice, and allows district judges

25 to continue all criminal matters.  This and previous General Orders were entered to address public health

26 concerns related to COVID-19.

27        Although the General Orders address the district-wide health concern, the Supreme Court has

28 emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). [1]  If continued, this Court should designate a new date

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

1  for the status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any

2  pretrial continuance must be "specifically limited in time").

3                                      **STIPULATION**

4          Plaintiff United States of America, by and through its counsel of record, and defendant, by and

5  through defendant's counsel of record, hereby stipulate as follows:

6          1.      By previous order, this matter was set for a status conference on February 17, 2021.

7          2.      By this stipulation, defendant now moves to vacate the status conference and set a change

8  of plea hearing for February 25, 2021 at 10:00 a.m., and that the time between February 25, 2021, be

9  excluded under Local Code T4.

10         3.      The parties agree and stipulate, and request that the Court find the following:

11                 a)      The government has represented that the discovery associated with this case

12         includes investigative reports, video and photographs. All of this discovery has been either

13         produced directly to counsel and/or made available for inspection and copying. Additionally, the

14         parties will be engaging in plea discussions.

15                 b)      Counsel for defendant desires to set the case for a change of plea hearing.

16                 c)      Counsel for defendant believes that if the Court does not grant the above-

17         requested continuance, it will deny him the reasonable time necessary for effective preparation,

18         taking into account the exercise of due diligence.

19                 d)      The government does not object to the request.

20                 e)      Based on the above-stated findings, the ends of justice served by continuing the

21         case as requested outweigh the interest of the public and the defendant in a trial within the

22         original date prescribed by the Speedy Trial Act.

23                 f)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

24         et seq., within which trial must commence, the time period of February 17, 2021 to February 25,

25         2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code

26         T4] because it results from a continuance granted by the Court at defendant's request on the basis

27         of the Court's finding that the ends of justice served by taking such action outweigh the best

28         interest of the public and the defendant in a speedy trial.

1      4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the

2 Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

3 must commence.

4      IT IS SO STIPULATED.

5

6

7 Dated: February 11, 2021                          McGREGOR W. SCOTT
                                               United States Attorney

8

9                                             /s/ KIMBERLY A. SANCHEZ
                                             KIMBERLY A. SANCHEZ

10                                              Assistant United States Attorney

11

12 Dated: February 11, 2021                          /s/ Arturo Hernandez
                                               Arturo Hernandez

13                                              Counsel for Defendant

14                                              MIGUEL HECTOR TAPIA
                                             RODRIGUEZ

15

16                                  **FINDINGS AND ORDER**

17

18 IT IS SO ORDERED.

19 Dated:   **February 12, 2021**                          /s/ *Sheila K. Oberto*

20                                      UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28